UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joseph C. Augustinowicz et al.

    v.                                            Civil No. 10-cv-564-PB

Marianne W. Nevelson et al.

**REPORT AND RECOMMENDATION**

Plaintiffs have filed a motion for default judgment against defendant Town of Acworth ("Town") (doc. no. 38). Judge Barbadoro has referred the motion to this magistrate judge for consideration. For the reasons stated herein, the court recommends that the motion be denied.

**Background**

Plaintiffs have filed this action, naming the following defendants: the Town of Acworth ("Town"); Marianne Nevelson; John Tuthill; Thomas Esslinger; Gretchen Abendschein; Lyman Young; Kathi Bradt; Gardner, Fulton & Waugh; Dennis Earl; Lisa Earl; Sharon A. King; and Marc Hathaway. Several defendants (Nevelson, Tuthill, Esslinger, Abendschein, Young, Bradt, and the Earls), are sued in their individual capacities and in their official capacities as employees or officials of the Town (hereinafter the "individual Town defendants").

On December 13, 2010, returns of service were filed for Nevelson, the Town's tax collector, and Bradt, the Town selectmen's administrative assistant (doc. no. 4).  A return of service was also filed for the Town, indicating that the Town's summons was served on Bradt (doc. no. 4).

On December 29, 2010, Attorney Daniel Mullen filed an appearance on behalf of the Town and all of the individual Town defendants named in this matter (doc. no. 5).  On that date, Attorney Mullen also filed a motion, on behalf of the Town and the individual Town defendants, to extend time to answer until February 1, 2011 (doc. no. 6).  That motion was granted on January 13, 2011.

On February 1, 2011, Attorney Mullen filed an answer on behalf of Nevelson and Bradt, the two individuals who had been served with summonses (doc. no. 12).  On that date, Attorney Mullen also filed a notice of attorney withdrawal as to the Town, and all of the individual Town defendants for whom he had previously appeared, except Nevelson and Bradt (doc. no. 11). On March 2, 2011, Attorney Mullen reappeared on behalf of the individual Town defendants (doc. no. 18), and answered the complaint on their behalf (doc. no. 19).  Attorney Mullen did not reappear for or file an answer on behalf of the Town.

On June 23, 2011, Plaintiffs filed this motion for a default judgment against the Town (doc. no. 38).  The motion

alleged that although the Town was served on December 13, 2010, it had not filed an answer or otherwise responded to the complaint. Attorney Mullen, without filing any additional appearance on the Town's behalf, filed an objection to that motion (doc. no. 42) on the basis that the Town had never been properly served with the complaint, as service on Bradt was insufficient to effect service on the Town.

On August 11, 2011, the District Judge deferred ruling on the motion for default judgment and notified the parties that the motion would be denied unless proof of service was presented to the court within fourteen days of that order. In the meantime, on August 15, 2011, Attorney Mullen filed a motion to dismiss the complaint on behalf of the Town and the other Town defendants named in this action (doc. no. 45).

On August 29, 2011, plaintiffs filed a document entitled "Proof of Service," stating again that service had been made upon the Town by serving Bradt on December 13, 2010 (doc. no. 49). On September 8, 2011, Attorney Mullen, on behalf of the Town and the individual Town defendants, responded to the "Proof of Service" filed by plaintiffs, reiterating the Town's position that service upon Bradt was insufficient to make proper service on the Town (doc. no. 52).

**Discussion**

I.  Service

Fed. R. Civ. P. 4(j), governing service on a local government entity, such as a town, states:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

The state statute governing service on a town, N.H. Rev. Stat. Ann. ("RSA") § 510:10, requires that service be made upon a town by serving one of the selectmen and the town clerk. The New Hampshire Supreme Court has specifically found that service upon an administrative assistant to a town's selectmen is insufficient to effect proper service against the town. See Lachapelle v. Town of Goffstown, 134 N.H. 478, 480, 593 A.2d 1152, 1153 (1991).

Here, plaintiffs assert that they have made service upon the Town by serving Bradt, the administrative assistant to the Town selectmen. The record reflects that plaintiffs have also served this action on Gretchen Abendschein, a selectman for the Town (doc. no. 17). The record does not reflect that plaintiffs have served the Town clerk. Accordingly, service does not appear to have been properly made against the Town.

4

II. Effect of Appearance/Waiver of Insufficient Service of Process Defense

Although the specific service requirements of RSA § 510:10 were not met in this case, the Town appeared in the case on December 29, 2010, and sought to extend its deadline for filing an answer to February 1, 2011. The Town then failed to file an answer on that or any date. It appears from the docket that Attorney Mullen realized after he appeared and filed a motion on behalf of the Town, that the Town had not been properly served. Rather than answering the complaint, however, and raising a defense of insufficient service, Mullen withdrew as the Town's counsel and took no further action on behalf of the Town until it objected to the motion for default judgment on July 6, 2011 (doc. no. 42).[1]

Objections to the sufficiency of service of process are waived if they are not timely raised. See Fed. R. Civ. P. 12(h)(1). Objections to the sufficiency of service of process are not timely raised if they are not raised in the answer, or in a motion filed pursuant to Fed. R. Civ. P. 12. See Fed. R. Civ. P. 12(g); Chute v. Walker, 281 F.3d 314, 319 (1st Cir.

---

[1] Law firms representing the non-Town defendants in this matter filed "Defendants' Joint Objection to Plaintiff's Motion to Vacate All Orders Issued by Magistrate Judge McCafferty" (doc. no. 34) and "Defendants' Joint Objection to Plaintiffs' Motion to Vacate Pre-Trial Conference" (doc. no. 35) on April 18, 2011. Both of those filings included the Town in its list of defendants on whose behalf the filing was made.

2002); Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund, 967 F.2d 688, 691-92 (1st Cir. 1992) (Defendants wishing to raise a defense based on insufficient service "must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading."). "The Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit in order to escape default judgment." Broad. Music, Inc. v. M.T.S. Enters., Inc., 811 F.2d 278, 281 (5th Cir. 1987) (holding that defendants who failed to file a responsive pleading had voluntarily appeared through actions of counsel on their behalf where nothing in the case indicated that defendants were unaware of the case or did not authorize attorney to act on their behalf). Thus, the court finds that the Town has voluntarily appeared in this case.

III. Default Judgment

Plaintiffs move for default judgment against the Town on the basis of its failure to answer the complaint. As described by the First Circuit, default judgment

> provides a useful remedy when a litigant is confronted
> by an obstructionist adversary and plays a
> constructive role in maintaining the orderly and

>efficient administration of justice. . . .
>Nonetheless, it is a drastic sanction that runs
>contrary to the goals of resolving cases on the merits
>and avoiding harsh or unfair results.

Remexcel Managerial Consultants, Inc. v. Arlequín, 583 F.3d 45, 51 (1st Cir. 2009) (internal citations and quotations omitted). Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court notes that the Town's objection to default judgment on the basis of insufficient service of process is, standing alone, inadequate to oppose the motion for default judgment, as the Town voluntarily appeared and likely waived its insufficient service defense by failing to answer the complaint.

Here, the Town filed a motion to dismiss on August 15, 2011. Although the response is late, and the Town failed to file a timely answer or responsive pleading after appearing in the case, the Town appears to be actively defending the case at this time. The court is not inclined to recommend defaulting the Town for several reasons. First, the language in Rule 55(a) requires default in circumstances where a party has failed to "otherwise defend" the lawsuit. That circumstance does not exist here. Moreover, a default is a drastic sanction that "runs contrary to the goals of resolving cases on the merits and avoiding harsh or unjust results." Remexcel, 583 F.3d at 51.

7

Further, the court finds that, although the case was initially filed almost ten months ago, there is no evidence before the court indicating that denying default judgment would prejudice the plaintiffs.  On June 15, 2011, the court issued a pretrial order (doc. no. 37) setting trial for August 21, 2012, almost a year from now.  The individual Town defendants, who are Town officials, have appropriately appeared and answered the complaint.  These defendants, in their official capacities, stand in substantially the same shoes as the Town in terms of interest in the litigation, discovery, and issues of procedural and substantive concern.  Moreover, plaintiffs have not asserted or even suggested in their motion for default judgment (doc. no. 38) that they have been prejudiced by the Town's late entry into active litigation in this matter.  Accordingly, the court finds that allowing the Town to remain in the case will not delay trial or prejudice plaintiffs in any practical sense.  Because "actions should ordinarily be resolved on their merits," Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), and because the facts of this case fail to justify such a "drastic" remedy, the plaintiff's motion for default judgment (doc. no. 38) should be denied.  See Remexcel, 583 F.3d at 51.

**Conclusion**

For the foregoing reasons, the court recommends that the motion for default judgment (doc. no. 38) be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: September 19, 2011

cc: Daniel J. Mullen, Esq.
    Charles Bauer, Esq.
    Adele M. Fulton, Esq.
    Erik Graham Moskowitz, Esq.
    Jan M. Augustinowicz, pro se
    Joseph C. Augustinowicz, pro se

LBM:jba