UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Joseph C. Augustinowicz**
**Jan M. Augustinowicz**

   **v.**                                                Case No. 10-cv-564-PB
                                                            Opinion No. 2011 DNH 211
**Marianne W. Nevelson et al.**


**MEMORANDUM AND ORDER**

Joseph and Jan Augustinowicz (collectively "plaintiffs") bring suit, pro se, against the Town of Acworth ("Town"), several of the Town's officials, a law firm that provided counsel to the Town, and one private individual (collectively "defendants"). Plaintiffs allege that defendants conspired to illegally seize their property. Defendants have filed motions to dismiss, and for the reasons discussed below I grant those motions.


**I. BACKGROUND**[1]

From 2007 until 2010, plaintiffs defied numerous attempts by the Town to collect property taxes on a parcel of land they

---

[1] It is difficult to discern any clear narrative from plaintiffs' complaint. I have pieced together the facts from the documents attached to the complaint, and have been careful to ensure that the facts below are consistent with plaintiffs' allegations.

owned at 688 Cold Pond Road in Acworth, New Hampshire.  In a series of letters sent to the Town and its officials, plaintiffs asserted that the Town could not legally tax them without their consent, and that as "sovereign citizens" they were not subject to the jurisdiction of the Town or the courts of the state.  See Doc. Nos. 1-9, 1-12.

On April 20, 2010, and again on October 4 of that year, the Acworth Tax Collector notified plaintiffs that a tax deed would issue on October 25 if plaintiffs did not pay the taxes owed. Doc. No. 1-14 at 1.  The taxes remained unpaid.  Accordingly, on October 25, the Tax Collector conveyed plaintiffs' property to the Town by tax deed.  Doc. No. 1-13.  On November 15, the Town notified plaintiffs that it had recorded the deed, and informed them of their statutory right to repurchase the property.  Doc. No. 1-14 at 2; see N.H. Rev. Stat. Ann. § 80:89.

Plaintiffs argue that the Town illegally took title to their property, broadly alleging "an ongoing conspiracy among the defendants named in this suit, to knowingly and willingly[] deny plaintiffs' Constitutional and civil rights to due process

2

...
...

under law."[2]  Compl. at 4, Doc. No. 1.  Based on a number of different factual allegations, plaintiffs contend that defendants violated their rights under the First, Fourth, Seventh, Ninth, and Fourteenth amendments to the U.S. Constitution, Sections 1983, 1985, and 1986 to Title 42 of the United States Code, and various New Hampshire statutory provisions.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).  To survive a motion to dismiss for failure to state a claim, the general standard under Rule 8 of the Federal Rules of Civil Procedure is that the complaint must "state a claim to relief that is

---

[2] Because I determine that plaintiffs have failed to allege any infringement of their constitutional or statutory rights, I do not separately address whether plaintiffs have pled the elements of a conspiracy.

under law."[2]  Compl. at 4, Doc. No. 1.  Based on a number of different factual allegations, plaintiffs contend that defendants violated their rights under the First, Fourth, Seventh, Ninth, and Fourteenth amendments to the U.S. Constitution, Sections 1983, 1985, and 1986 to Title 42 of the United States Code, and various New Hampshire statutory provisions.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).  To survive a motion to dismiss for failure to state a claim, the general standard under Rule 8 of the Federal Rules of Civil Procedure is that the complaint must "state a claim to relief that is

---

[2] Because I determine that plaintiffs have failed to allege any infringement of their constitutional or statutory rights, I do not separately address whether plaintiffs have pled the elements of a conspiracy.

plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (citations omitted).

When a plaintiff acts pro se, this court is obliged to construe the pleadings liberally in favor of the pro se party. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  That review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

### III.  ANALYSIS

Plaintiffs allege that (1) the Town and its officials did not follow proper state court procedure prior to seizing the property; (2) defendants sent threatening letters to plaintiffs

to accomplish their fraudulent scheme; (3) the property taxes levied against plaintiffs were illegal because plaintiffs never consented to their imposition; and (4) defendants illegally altered the boundaries of the property.  I address each claim in turn.

A. **Failure to Follow State Court Procedure**

On July 19, 2011, the Sullivan County Superior Court enjoined plaintiffs from entering and/or residing at the Acworth property now owned by the Town.  Doc. No. 45-2.  Plaintiffs have attached a copy of a motion to reconsider that order, dated July 28, 2001, and state that it was filed with the Superior Court.  Doc. No. 50-1.  As best I can discern, plaintiffs allege a due process violation stemming from the fact that the Town retains title to the property in question even though defendants did not respond to the motion to reconsider and the motion has yet to be adjudicated.  Compl. at 4, Doc. No. 1, P's Obj. to Mot. to Dismiss ¶ 7, Doc. No. 50.

I conclude that plaintiffs have failed to plead with sufficient specificity any facts from which I can infer a due process violation.  Neither the mere fact of filing a motion to reconsider in state court, nor the alleged failure of defendants

5

to respond to such a motion, entitle plaintiffs to any relief in a federal forum.

**B.   Threatening Letters**

Plaintiffs claim that the Town and its officials issued threatening letters on October 4 and November 15, 2010. Plaintiffs allege that defendants "outlin[ed] what they will do to the Plaintiffs" in the letters, and that the use of the mail by town officials to execute a fraudulent scheme violated their constitutional and statutory rights.  Compl. ¶ 5, 8, Doc. No. 1. The letters are attached to the complaint, and both letters do no more than provide notice to plaintiffs, in perfectly civil terms, of their rights and obligations vis-à-vis the impending tax deed on plaintiffs' property and the Town's subsequent recording of the deed.  See Doc. No. 1-14.

Plaintiffs have failed to state a viable claim.  First, the content and tone of the letters do not evince even a hint of the "harassment," "oppression," or "intimidation" claimed by plaintiffs.  See Compl. at 8, Doc. No. 1.  Second, notice is statutorily required prior to the imposition of a tax deed and prior to the sale of property acquired by tax deed.  See N.H. Rev. Stat. Ann. §§ 80:77, 80:89.  It is therefore nonsensical to

6

argue that town officials may not send a letter to a property owner detailing an impending tax deed or sale.

**C.  Lack of Consent to be Taxed**

Plaintiffs allege that property taxes cannot be imposed without the taxpayer's consent.  Compl. ¶ 2, 4, Doc. No. 1. They base their claim on a provision of the New Hampshire Code that states, in relevant part, "Real and personal property shall be taxed to the person claiming the same, or to the person who is in the possession and actual occupancy thereof, if such person will consent to be taxed for the same . . . ."  N.H. Rev. Stat. Ann. § 73:10.

Although plaintiffs' interpretation of the provision is grammatically plausible, it defies common sense and is foreclosed by New Hampshire case law.[3]  Under the correct interpretation of the statute, consent is required to tax the possessor/occupant, but not the person claiming the property.

---

[3] Plaintiffs do not spell out their claim, but I presume their argument is based on a reading of the statute where the conditional clause -- "if such person will consent to be taxed for the same" -- modifies both prior instances of the term "person."  Under that reading, consent is required to tax not only possessors/occupiers, but claimants as well.  If plaintiffs' interpretation were law, any property owner in New Hampshire would have the right to opt out of paying property taxes.

7

See Quimby v. Quimby, 118 N.H. 907, 910-11 (1978) (distinguishing taxation scheme as between owner and occupant, where the latter can be taxed only with consent).  Plaintiffs owned the Acworth property, and therefore cannot disavow taxation on the basis of withholding consent.

### D.  Illegal Alteration of Boundaries

Plaintiffs allege that certain defendants did "knowingly and willingly[] work in a concerted effort . . . to change our mutual boundaries, which are under 'contention,' though we contested it in writing to the Board of Selectmen[.]"  Compl. ¶ 1, Doc. No. 1.  Although I struggle to understand the statement's thrust, from the documents attached to plaintiffs' complaint I glean that in 2006, Dennis Earl, the only individual defendant not an official of the Town (and presumably a relative of codefendant and Acworth Zoning Board member Lisa Earl), requested and was granted a change in the boundary line of his property on the Town's tax map.  Doc. No. 1-4.  A letter from a surveying company indicates that the request was based on confusion over the location of a boundary between Earl's property and plaintiffs' abutting property.  Id. at 2.  As a result of the correction of the tax map, plaintiffs were

8

informed that the boundary line to their own property was not where they believed it had been.  Id. at 8.

Plaintiffs contend only that certain defendants violated their rights by working together to effect the alteration in the tax map.  The allegations, however, are entirely conclusory, and fail to provide any detail at all about defendants' conduct.  By failing to specify any actions or omissions that might be the basis for liability, the pleadings are insufficient to state a claim upon which relief can be granted.[4]

## IV. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss (Doc. Nos. 20, 45) are granted.  The clerk is directed to enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 16, 2011

---

[4] Because plaintiffs have failed to state any claim upon which relief can be granted, I need not decide whether the claims against the law firm of Gardner, Fulton & Waugh, PLLC, should be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  See Doc. No. 20 at 1-2.

```
```

cc:   Joseph C. Augustinowicz
      Jan M. Augustinowicz
      Daniel J. Mullen
      Adele M. Fulton
      Erik Graham Moskowitz
      Charles P. Bauer